WILLIAM H. PERRINE v. AMELIA COOLEY AND WALTER O. SMITH, EXECUTORS OF JABEZ B. COOLEY, DECEASED.

When a contract is first made by parol for the sale and purchase of a horse, and a paper subsequently drawn up and signed by the agent of the vendor, not as containing the terms of the contract, but being on its face and plainly intended to be nothing more than a receipt for the purchase money, parol evidence is admissible of representations as to the soundness of the horse, made by the agent of the vendor at the time of the sale.

On *certiorari* to the Union county Common Pleas.

The following facts appeared at the trial before the Court of Common Pleas: In August, A. D. 1875, William H. Perrine purchased a horse of Jabez B. Cooley for the sum of $150; that Perrine paid Frederick Franklin, who was a clerk of said Cooley, $75 in cash and gave his note for the remaining $75; that thereupon Franklin executed to Perrine a memorandum in writing as follows:

ELIZABETHPORT, N. J., Aug. 19th, 1875.
MR. WILLIAM H. PERRINE,

Bought of J. B. COOLEY,

Crescent St., Foot East Jersey.

1 Bay horse Ned...............................$150 00
CR.  By cash....................... $75 00
  " note, 3 months............. 75 00
  ————$150 00
Received payment,

J. B. COOLEY,
per Franklin.

Jabez B. Cooley died since the sale of this horse, and the note upon which this suit was brought was the note given in part payment for said horse; that the horse mentioned in said memorandum died about six weeks after the purchase by Perrine; that said Perrine offered to prove, at the trial of said cause, that, at the time of the purchase of the horse in question, Woodward, the person who showed him to Perrine and named the price, and who was the agent of Cooley and authorized to sell the horse, made representations as to the horse being sound and all right, which the court refused to admit, on the ground that there was a contract in writing, which was the memorandum above set forth, and that parol evidence of the contract was inadmissible.

Argued at February Term, 1877, before Justices DAL-RIMPLE and WOODHULL.

For the plaintiff in *certiorari*, *P. H. Gilhooly*.

For the defendants, *Joseph Alward*.

The opinion of the court was delivered by

WOODHULL, J.    I think the court erred in refusing to receive the evidence offered as above stated.

In *Allen* v. *Pink*, 4 *M. & W.* 140, it appeared that when the plaintiff was treating for the purchase of a certain horse, the defendant said that if he did not work well and go quietly in span harness, the plaintiff was to send him back, and he should have his money returned.    The plaintiff, after some further conversation, bought him for £7 2s. 6d., which sum he paid the defendant shortly afterwards at a public house, and then received from him the following memorandum:

"Bought of G. Pink, a horse, for the sum of £7 2s. 6d.
    "G. PINK."

On putting him into harness, the plaintiff found that the horse was vicious and unruly, and sent him back to the

defendant; and, having demanded his money again, which was refused, he brought suit to recover it.

A verdict having been found for the plaintiff, for the price paid by him for the horse, it was urged, in support of a rule *nisi* for a new trial, that the contract having been reduced to writing, no evidence was admissible of any parol warranty to add to it. Upon this point, Lord Abinger, C. B., said: "The general principle stated is quite true, that if there has been a parol agreement, which is afterwards reduced by the parties into writing, that writing alone must be looked to, to ascertain the terms of the contract; but the principle does not apply here. There was no evidence of any agreement by the plaintiff that the whole contract should be reduced into writing by the defendant. The contract is first concluded by parol, and afterwards the paper is drawn up, which appears to have been meant merely as a memorandum of the transaction, or an informal receipt for the money, not as containing the terms of the contract itself."

In *Filkins* v. *Whyland*, 24 *N. Y.* 338, the action was for breach of warranty of the soundness of a horse.

The plaintiff having given evidence of the negotiation for the sale and purchase of the horse, tending to prove the warranty, produced, upon the call of the defendant's counsel, the following writing:

"TROY, Nov. 19, '52.

"C. B. FILKINS,

"Bo't of C. WHYLAND,

"1 Horse......... ......... ......... ..... ..... ..... ..... $150 00

"Received payment,

"C. WHYLAND."

It was admitted that the defendant, upon the purchase of and payment for the horse, executed and delivered this writing to the plaintiff.

After the writing had been put in evidence, the defendant moved for a non-suit, on the ground that the contract of sale being in writing, parol testimony to add to or vary it by

proving a warranty of soundness, was inadmissible. The plaintiff was non-suited, and took an exception. The judgment for the defendant having been reversed by the Supreme Court, the case was taken by the defendant to the Court of Appeals, where the judgment of the Supreme Court was unanimously affirmed, on the ground that the writing given upon the purchase of and payment for the horse was a mere receipt, and not a contract or bill of sale, so as to exclude parol evidence of a warranty of the soundness of the horse by the vendor.

In *Koop* v. *Handy*, 41 *Barb.* 454, the following sale-note, signed by the broker through whom a sale of goods had been made, viz., "Sold to G. H. K., for account of Messrs. H. & E., about twenty tons divi-divi, at about $45 cash per ton, to be put in bags and delivered as soon as possible," was held not to be, on its face, such a contract in writing as would exclude parol evidence of warranty.

Mr. Stephen, in his Digest of the Law of Evidence, states, as one of the exceptions to the general rule, that " oral evidence of a transaction is not excluded by the fact that a documentary memorandum of it was made, if such memorandum was not intended to have legal effect as a contract, or other disposition of property ; " and, by way of illustration, cites the case of *Allen* v. *Pink*, already referred to.

In *Cassidy* v. *Begoden*, 38 *Sup. Ct. Rep.* 180, Monell, C. J., states, as the result of the cases on this subject, that " where a contract is first concluded by parol, and a paper is afterwards drawn up, not as containing the terms of the contract, but as a mere memorandum or bill of parcels, parol evidence, it seems, is admissible to show the actual terms of sale, and that there was a warranty, though it does not appear in the memorandum or receipt." See *Jeffery* v. *Walton*, 1 *Stark.* 267, (2 *E. C. L.* 108); *Harris* v. *Johnston*, 3 *Cranch* 311.

The paper drawn up and signed by Franklin, the agent of Cooley, two days after the sale and purchase of the horse in this case, was, in no sense, a contract in writing between the parties, but was, on its face, and was plainly intended to be,

nothing more than a receipt for the purchase money, and should not, therefore, have been regarded by the court below as excluding oral evidence of representations as to the soundness of the horse, made by the agent of the vendor at the time of the sale.

The judgment below is reversed, with costs.